[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This limited contested dissolution of marriage action was heard on March 25, 26, April 30, and May 1, 2002. The parties were married on September 10, 1988 in West Haven, Connecticut. There are no minor children issue of the marriage. The marriage is broken down irretrievably.
The plaintiff husband is forty-four years old and he has earned a GED. This is his first marriage. He appears to be in good health. The plaintiff has worked as a mechanic all of his life and he is presently employed at Industrial Trucks as a union mechanic. His average weekly gross wage is $703 and the net weekly wage is $533.
The plaintiff owns three motor vehicles that have a total value of $2,000. He has accumulated a collection of tools which he values at $15,000. The amounts in his checking and savings account total $592.67. The plaintiff has a 401K plan that has a balance of $10,706 as of December 31, 2001. The plaintiff recently settled a personal injury claim and his net proceeds, in the amount of $6,495, are being held in escrow by his attorney. The plaintiff has liabilities of $3,220, however only $204 is for marital debt.
The defendant wife is forty-seven years of age, she has a GED and she has taken some college courses. This is her third marriage. She has been employed as a certified nurse's assistant for the last twenty-seven years. She has had some health problems, but they do not prevent her from engaging in full-time employment. Because she has difficulty standing for long periods, the plaintiff would like to find an office-type position. She is presently employed at Laurelwoods and has an average weekly gross wage of $535 and a net weekly wage of $381. CT Page 6612
The defendant recently traded in a 1997 Mitsubishi that the parties owned in order to purchase, in her own name, a 2001 Mitsubishi. This new vehicle is valued at $16,000 and is encumbered by a loan in the amount of $15,000. The plaintiff values her household items at $3,000 and she has $200 in the bank.
The defendant is eligible to receive pension benefits from a union that she belonged to. She has the option to begin receiving these benefits when she is age fifty-five, age sixty-two, or age sixty-five. From the evidence, the court finds that the present value of the benefits available at age fifty-five is $15,600; the benefits available at age sixty-two have a present value of $11,409 and the benefits available at age sixty-five have a present value of $9,676. Since there was no evidence on the issue, the court believes it is reasonable to utilize the present value of the benefits available at age sixty-two, $11,409, when valuing the pension.
The defendant, on her financial affidavit of April 30, 2002, states that she has liabilities which total $11,030. Included in this total are the following bills: Radiology Associates, $117; Universal Adjustment (hospital), $4,533; CT Gastroenterology, $465; Credit Collection (M.D.), $76, and State Credit Collection (M.D.), $194, all of which total $5,385. These medical bills are for necessary medical treatment provided to the defendant at a time when she was not covered by health insurance.
The parties jointly own a home located at 146 William Street, West Haven, Connecticut that was purchased in 1994. The plaintiff values the home at $82,000, its purchase price, and the defendant values it at $90,000. Neither party provided appraisal testimony. The court will assign a value of $86,000 to the property and, after deducting the agreed upon mortgage of $72,000, finds that there is $14,000 in equity.
Both parties have worked at their very demanding jobs throughout the marriage. Each party testified about periods of time the other did not work. The court finds that neither party should be penalized for these brief periods of unemployment. During the marriage, the parties pooled their incomes to pay the mortgage and other living expenses. Although the parties have worked hard, it appears they have had difficulty in managing their financial affairs; they filed bankruptcy in 1997.
Both parties bear some responsibility for the breakdown of their marriage. From the evidence concerning his use of alcohol and his lack of self control, the court concludes the plaintiff bears more responsibility for the breakdown than the defendant.
In formulating its orders, the court has considered the evidence as CT Page 6613 well as the provisions of General Statutes § 46b-81 regarding property assignment, § 46b-82 regarding alimony and § 46b-62
regarding attorney's fees.
The defendant testified she is not seeking possession of the marital home because she desires to relocate. The plaintiff has expressed a desire to occupy the home. In light of the stated preferences of the parties it is not reasonable to order the property sold to unlock the equity. The payment of the deposit and closing costs for the home, totaling $5,775, can be traced to a worker's compensation settlement the plaintiff received. This circumstance does not require that the plaintiff receive all or most of the equity. Considering all of the evidence, the court concludes that it is equitable for the defendant to receive one-half of the equity in the home. The court notes that the plaintiff is receiving a substantial portion of the value of the personal property in the marital estate, including the tools valued at $15,000.
The retirement or pension benefit that each party has in their own name is of approximately equal value. Each party should retain their respective pension or retirement benefit without any assignment to the other.
The defendant, unfortunately, has incurred substantial unreimbursed medical bills. Neither party should be penalized for the lack of health insurance when these bills were incurred. It is fair and equitable for both parties to bear equal responsibility for paying the $5,385 in unpaid medical bills previously mentioned. The bills are in the defendant's name and she is making the payments on the accounts. The court will order that the plaintiff pay lump sum alimony in the amount $2,700, by way of monthly payments of $200, as his contribution toward payment of these bills.
The court concludes that it is fair and appropriate for each party to pay their respective attorney's fees without contribution from the other.
 ORDERS
1. The marriage is dissolved on the grounds of irretrievable breakdown.
2. The defendant shall quit claim her interest in the family home to the plaintiff and contemporaneous with the transfer the plaintiff shall pay the defendant the sum of $7,000. The plaintiff is to give at least thirty days notice of his ability to tender the $7,000 payment. The defendant is to tender the quit claim deed no later than sixty days from the date of judgment. It is the intention of the court that the defendant have at least thirty, but no more than sixty, days to vacate the marital CT Page 6614 home. The parties, by mutual agreement, are permitted to shorten or lengthen the time by which the defendant must vacate. Until the defendant vacates the marital home, the parties are to continue paying the expenses of the marital home under the arrangement presently in effect.
3. The plaintiff shall make a good faith effort to refinance the present first mortgage upon the marital home within one year, so as to relieve the defendant from liability thereon.
4. As spousal support the plaintiff shall pay lump sum alimony to the defendant in the amount of $2,700 by way of monthly payments in the amount of $200, commencing on the 15th day of June 2002 and on the 15th day of the month thereafter. The fourteenth payment will be in the amount of $100.
5. The stipulation of the parties dated May 1, 2002, regarding personal property, is incorporated by reference and the property described is ordered assigned in accordance with the stipulation.
6. The defendant is entitled to possession of the dining room set consisting of a table, seven chairs, hutch and buffet.
7. Any funds remaining in the joint checking account are to be divided equally between the parties.
8. Except as provided for herein, each party is to retain the assets shown on their financial affidavits. Each party is responsible for payment of the liabilities shown on their respective financial affidavits and each is ordered to hold the other harmless from said liabilities.
9. Each party is responsible for their respective counsel fees.
____________________ Domnarski, J.